The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award except for the modification to the Order section regarding the imposition of fines.
* * * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement filed on 22 July 1994 and at the hearing on 22 July 1994 as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between the parties on 15 May 1994, which is the date of the injury giving rise to this claim.
2. Defendant was non-insured.
3. The parties stipulated the following documents into evidence:
a. 22 pages of medical reports, and
b. Defendant's Answers to Plaintiff's First Set of Interrogatories.
4. The issues for determination are:
 a. Whether plaintiff sustained a compensable back injury, and if so, to what benefits is she entitled; and.
 b. Whether plaintiff provided written notice of her injury in accordance with G.S. § 97-22, and if not, whether she offered a reasonable excuse for such failure.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, plaintiff was a forty (40) year old female who had been employed since 16 July 1991 with defendant-employer as the assistant manager of the Freedom Drive Store. Plaintiff's duties involved serving as a teller, cashing checks, preparing money orders, and sending funds via Western Union.
2. Plaintiff was paid $5.50 per hour, and on 31 July 1992 she received a raise to $6.50 per hour.
3. Plaintiff normally worked forty to sixty (40-60) hours per week.
4. On 15 May 1992 plaintiff was working alone in the evening. The design of business was such that the doors were locked and customers walked up to a bulletproof window in the lobby area. Plaintiff left her counter and went to the ladies' room. While there, she heard someone banging on the customer door. Plaintiff quickly departed the ladies' room and in walking through the office, ran into a counter and fell. Plaintiff immediately experienced a very sharp pain in her lower back.
5. After plaintiff waited on the customer, she telephoned Eric Platock, who managed the two Charlotte Offices of defendant-employer, to advise him of the injury. Mr. Platock told plaintiff to close the store if the pain got too bad. He also referred her to chiropractic physician Michael T. Hunsucker, as Dr. Hunsucker had treated Mr. Platock for back problems.
6. Plaintiff did not immediately seek medical treatment, as she thought the pain would work itself out.
7. Plaintiff first saw Dr. Hunsucker on 8 July 1992 and she completed an intake form indicating that her injury was not due to accidental injury. Plaintiff indicated that she thought this meant an auto accident.
8. Plaintiff experienced severe pain on 9 August 1992 and saw Dr. Hunsucker the next morning, at which time she was referred to Charlotte Orthopedic. Orthopedist Dr. Wood initially was of the impression that plaintiff had a herniated nucleuspulposus L4-5 on the left.
9. On 21 August 1992 plaintiff was involved in an automobile accident, and she was treated for neck pain as a result thereof.
10. Plaintiff worked until 9 August 1992 with defendant-employer, at which time she was authorized to remain out of work.
11. Plaintiff returned to work with Marine Midland Bank in Buffalo, New York on 16 August 1993 at $6.00 per hour for eighty (80) hours per month. Plaintiff was not rated as having a permanent partial impairment.
12. Eric Platock testified that the discussed back problems and Dr. Hunsucker's treatment with plaintiff. However, he denied authorizing plaintiff to go to Dr. Hunsucker, or that plaintiff notified him of the injury on 15 May 1992. Mr. Platock responded in Interrogatories that he was first notified on 12 August 1992 of plaintiff's injury. However, this response is inconsistent with the 10 August 1992 date on the From 19 which he prepared and submitted on 13 August 1992.
13. Defendant has a lapse of workers' compensation coverage for a period of four to eight (4-8) weeks in 1992, due to non-receipt of the premium.
14. Industrial Commission Forms 22 submitted by defendant established an average weekly wage of $258.37, which yields a compensation rate of $172.26.
15. In November of 1992, plaintiff sought legal assistance from attorney Steven B. Hayes. Mr. Hayes contacted Mr. Platock, who replied that he was not there and did not see it (plaintiff's injury), but she called him at home that day. Mr. Hayes subsequently withdrew from the case. After he received defendant's Answers to Interrogatories and saw the contradiction in defendant's response on the notice issue.
* * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury to her back as a result of a specific traumatic incident on 15 May 1992. G.S. § 97-2(6).
2. While plaintiff did not provide written notice, she did verbally advise Mr. Platock, her supervisor, of the injury on 15 May 1992. Mr. Platock's statements to the contrary are not accepted as credible. Although plaintiff did not give written notice, her verbal notice by telephone to her supervisor is deemed sufficient notice to defendant-employer. G.S. § 97-22.
3. As a result of the compensable injury to her back, plaintiff is entitled to temporary total disability compensation from 10 August 1992 to 15 August 1993 at the rate of $172.26 per week. G.S. § 97-29.
4. As a result of the compensable injury, defendants are responsible for medical treatment provided by Dr. Hunsucker, Dr. Wood, Dr. Pfeiffer which are related to the 15 May 1992 back injury. Defendant are not liable for medical treatment related to the 21 August 1992 neck injury which resulted from an automobile accident. G.S. § 97-25.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to an attorney's fee hereinafter approved, defendant shall pay to plaintiff temporary total disability compensation from 10 August 1992 to 15 August 1993 at the rate of $172.26 per week. This sum has accrued and shall be paid in a lump sum.
2. A reasonable attorney's fee of twenty-five (25) percent of the compensation awarded above is authorized to be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
3. Defendant shall pay all medical expenses related to the 15 May 1992 injury incurred or to be incurred.
* * * * * * * * * * * *
ORDER
1. IT IS ORDERED that pursuant to G.S. § 97-94(b), defendant shall pay a fine of $50.00 per day for a six (6) week period, an amount equal to $2,100.00, for its refusal or neglect to secure and maintain workers' compensation coverage.
2. Pursuant to N.C. Gen. Stat. § 97-92 (e), defendant shall pay a fine of $25.00 to the Industrial Commission for failure to file an Industrial Commission Form 19.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER